## No. 1508.—LOUIS TOYE v. THOMAS MCMAHON.

*In an action in damages for slander, the burden falls on the plaintiff of showing that the language complained of was used by the defendant, and with malicious intent.*

APPEAL from the Fourth District Court of New Orleans. *Thomas, J. Saucier & Michinard*, for plaintiff and appellant, *C. E. Schmidt*, for defendant and appellee.

HOWE, J. This is an action of slander, the plaintiff alleging that he is a "British subject of pure white, or Caucassian blood," and that the defendant has injured him to the extent of five thousand dollars by stating publicly at a meeting of the Hackmen's Benevolent Association that he, plaintiff, "was a colored man, meaning thereby a person of African origin," and thus causing him to be "disgracefully expelled from the association." The usual allegations of malice and damage are made in the petition.

The defendant, after pleading the general issue, specially avers that at a preliminary meeting, held for the purpose of organizing the association, he was urged by several persons present to call the attention of the meeting to the fact that the plaintiff was supposed by many to be a man of color, and that some eight years previous he had applied for admission to the then Hackmen's Association, and had been rejected for this reason. That "to save complaint" defendant "desired it to be put to the meeting whether they were satisfied to have the plaintiff in the association," and the meeting determined to refund the plaintiff the dollar he had paid on giving in his name, and to strike the name from the list of those who desired to become members. He pleads that these statements were true, and were not uttered with any malice.

There was judgment for defendant, and plaintiff has appealed.

The voluminous record establishes the fact clearly enough that the plaintiff is a white man; but it does not seem to prove conclusively that the defendant uttered the language complained of and with the intent charged. We presume the District Judge was satisfied that the answer of the defendant was substantially correct, and we perceive no reason for reversing his decision. It does not appear that the plaintiff ever belonged to the association from which he alleges he was expelled, but merely that his application was rejected, and this fact may have had its influence.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.